IRENE E. KEELY, RELATOR, v. PENSION COMMISSION OF THE CITY OF HOBOKEN, RESPONDENT.

Argued Orally September 6, 1947—Briefs Submitted September 19, 1947—Decided October 20, 1947.

Before CASE, CHIEF JUSTICE, sitting as a single justice pursuant to the statute.

For the relator, *Edward Stover.*

For the respondent, *Dominick R. Rinaldi.*

CASE, CHIEF JUSTICE. John P. Keely, having served as a policeman on the force of the City of Hoboken, was retired January 31st, 1944, on pension for disability due to causes other than injuries received in the performance of duty. He was then unmarried. He married the relator, Irene E. Keely, on April 29th, 1944, and died May 31st, 1947, at the age of 49 years. Mrs. Keely has unsuccessfully applied to the Pension Commission of the City of Hoboken for a pension as the widow of the retired policeman and now asks for a peremptory or alternative writ of *mandamus* to compel the Commission to allow her such a pension. She rests upon the following excerpt from section 3, chapter 234, *Pamph. L.* 1947, an amendment to *R. S.* 43:16–3; *N. J. S. A.* 43:16–3:

"The widow of any member who died on or after July first, one thousand nine hundred and forty four, and who is not receiving at the time this amendment takes effect a pension equal to the amount provided by this amendment, shall, be-

ginning with the effective date of this act, receive a pension in the amount provided by this amendment."

It is argued that those words, torn from their paragraph and considered as an isolated provision, are applicable to relator; but clearly, to have sense at all, they must be read in the light of what has gone before. I believe them to be so closely related to the preceding provisions of the paragraph and of the section in which the paragraph is placed as not to be susceptible of the suggested meaning.

The first paragraph of the section applies to the widow of a member of the force who shall have been retired on a service retirement pension or who shall have continued in service after becoming eligible for such pension and shall not have lost his life while on duty or who shall have been retired on a service disability pension and shall have continued making contributions to the fund until his death and grants a pension to such widow if she married her husband before the date of his retirement and before he reached fifty years of age and not while he was suffering from the last illness which resulted in his death.

The second paragraph (of which the words in controversy are the closing sentence) relates to the widow of a member who shall not have retired but shall die before coming eligible for pension while still employed by the department and shall not have lost his life while on duty, and to the widow of a member who shall have been retired on a non-service disability pension and shall have continued his contributions until his death and grants a pension to such a one provided she married her deceased husband before the date of his retirement and before he reached fifty years of age and not while he was suffering from the last illness which resulted in his death. Then follow the words upon which relator relies.

The amendatory statute was approved June 2d, 1947, and thereupon took effect; and by the usual rules of construction would look only to the future. The purpose of the final sentence in the paragraph was, in my opinion, not to abolish the reiterated requirements that a widow, to be eligible for pension, must have married the department member before his retirement, but simply to bring the benefit of a pension, or,

if it so be, of an increase in an existing pension, to a widow, otherwise within the purview of the statute, whose pension status had become established on or after July 1st, 1944. To yield to relator's argument would be, as I conceive, to upset the legislative scheme regarding pensions to the widows of firemen and policemen as contained in the theretofore existing statutes and as set forth in the presently considered amendment. The precise sentence is found in an earlier amendatory act, chapter 150, *Pamph. L.* 1945, where it is subject to the same construction.

The application will be denied, with costs.